IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

SELBERT ANTHONY SMITH,

                Petitioner

    VS.

VAN PEAVY, Sheriff,

                Respondent

NO. 5:05-CV-319 (CAR)

PROCEEDING UNDER 28 U.S.C. 2241
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION

Petitioner SELBERT ANTHONY SMITH has filed a petition herein seeking federal habeas corpus relief. Tab #1. Respondent VAN PEAVY, Sheriff of Dooly County, has filed a motion to dismiss this petition for lack of exhaustion of state remedies as required by law. Tab #21. Petitioner SMITH has filed his response to the respondent's motion. Tab #24.

28 U.S.C. §2254(b)(1) and (c) provide as follows:

> *(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-*
>     *(A) the applicant has exhausted the remedies available in the court of the State; or*
>     *(B)(i) there is an absence of available state corrective process; or*
>     *(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.*
>
> *(c) An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented.*

The respondent argues that the petition herein should be dismissed because the state courts have not been given the opportunity to consider petitioner's claims. Tab #21.  In response to the respondent's motion, petitioner makes two arguments: first, that his attempt to file his claims in state court have been rebuffed because he does not have access to a typewriter and that his claims will not be considered if handwritten; and second, that he requested the proper filing forms to pursue his claim in state court, but his request was denied.  Petitioner argues that his state remedies have thus been exhausted.  Tab #24.

A review of the file herein reveals that petitioner Smith still has state remedies available to him.  Previously submitted grounds for relief were not denied on the merits but rather because petitioner failed to comply with state filing protocol.[1]  Because petitioner currently has state remedies available to him, his claims are unexhausted for the purposes federal review.

Accordingly, IT IS RECOMMENDED that the respondent's **MOTION TO DISMISS** (Tab #21) be **GRANTED** and that the petitioner's application for a federal writ of habeas corpus be **DISMISSED** *without prejudice.*[2]  Petitioner may refile his federal habeas corpus petition once he has exhausted his state remedies, provided all other requirements of law have been satisfied.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.  The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 6th day of JANUARY, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Under Georgia state law all complaints from inmates in a correctional institutions against any agency or officer of a state or local government must be on forms promulgated by the Administrative Office of the Courts and such forms are to be made available to correctional institutions for use by their inmates.

[2] Dismissals of federal habeas corpus petitions for lack of exhaustion of state remedies are always without prejudice.